Welch, J.
The first question presented is whether the proceeding is barred by the statutory limitation of three years. If it is not, the only remaining inquiry is whether the district court erred in refusing to grant a new trial, upon the ground that the finding of the court is not supported by the evidence.
The judgment of the district court is a unit, in the sense that it cannot justly be set aside as to some of the parties, *139 and affirmed as to others. All the creditors of Mark Buck ingham who were parties thereto, whether nominally as plaintiffs, or as defendants, are alike interested in having the judgment affirmed, and will be alike affected by its reversal. Jurisdiction of the case, then, can only be had by bringing them all before the court. That has now been done, and the jurisdiction is complete, unless the proceeding has become barred by the statute of limitation. Has it become so barred ?
One of the present defendants, the Commercial Bank of Cincinnati, it is admitted, was duly summoned before the expiration of the period of limitation. Another, the Mays-ville Branch of the Farmers' Bank of Kentucky, it must be conceded, was not summoned till after the expiration of that period. And, although the attorney of the Commercial Bank, who acknowledged service of the summons issued against the bank, was also the attorney of the other defendants, yet as the summons was directed to the Commercial Bank alone, its service was a service as to the Commerical Bank alone. So that, in truth, one of the defendants only was brought into court before the statutory period of limitation had expired, and the others were brought in afterwards. It makes no difference in principle, however, whether four of the defendants, or only one of them, was not served with process until after the expiration of the three years. In either case the same question is presented, namely, whether a service upon part of the defendants saves the case as to all, or whether, on the other hand, the non-service upon part operates a bar as to all. From the very nature of the case there is no middle ground between these alternatives, and one or the other must of necessity be adopted. Either the case is barred as to all, or it is barred as to none. Either the court has jurisdiction of all, or it has no jurisdiction of any.
The code of civil procedure contains no direct or specific provision as to what shall be deemed the commencement of a proceeding in error in order to save it from the operation of the limitation imposed. By analogy, however, we think that the 20th section of the code, although strictly appli *140 cable only to “civil actions,” should be applied as well to proceedings in error. The reason which underlies the rule prescribed in that section exists alike in both cases.
The 20th section of the code provides, that “ an action shall be deemed commenced,” so far as regards limitation, “ as to each defendant, at the date of the summons which is served on him or on a co-defendant who is a joint contractor, or otherwise united in interest with him.” If, therefore, at the date of the summons which was served upon the Commercial Bank of Cincinnati, the other defendants who have since been summoned were co-defendants, and were “ united in interest” with the Commercial Bank of Cincinnati, then the proceeding in error is to be deemed commenced, as to all the defendants, at the date of the summons so served upon the Commercial Bank. We think they were such co-defendants, and that there was a union of interest between them and the Commercial Bank, within the meaning and reason of the section of the code referred to.
It is contended that they were not “ co-defendants,” because they are not named in the petition in error. In the petition in error the cause is entitled: “ Horatio Buckingham and Mark Buckingham v. The Commercial Bank of Cincinnati, and others.” In the absence of any thing further, this would undoubtedly be held as a petition against the Commercial Bank alone, and the words “ and others ” would have to'be rejected as meaningless. But there is filed with the petition, and referred to in it as such, a copy of the record in the district court, showing who were in fact parties to the judgment, and how they were united or opposed in interest. The law never rejects words for uncertainty where it is reasonably practicable to assign them a meaning. These words “ and others,” aided by the record, reasonably refer to and designate the other creditors who, in the case below, had joined with the Commercial Bank in praying for and procuring the judgment sought to be reversed, and who were alike interested with the Commercial Bank in having it affirmed.
As to the precise nature, or distinctive character 01 the union of interest spoken of in the 20th section of the code. *141 ■which makes the service of process upon one, the commencement of an action against all, we do not undertake now to lay. down any general rule. It is enough to say, that we think the relation subsisting between the defendants here, comes fairly within the reason and spirit of the provision. Their interest is to maintain the judgment equally, as it is the interest of Horatio Buckingham to set it aside. This is equally true of all the defendants. They have a common interest. They are so united in interest that it is impossible, by any judgment that can be rendered in the cause, to separate them. Any judgment that will affect the one, whether favorably, or unfavorably, will, in like manner, and necessarily, affect the others also. There is no antagonism between them, and can be none, upon any question involved in the adjudication of the case.
It seems to us, therefore, that the proceeding in error was well commenced as to all the defendants now before us, and within the statutory period of limitation, and that the court has full jurisdiction of the case.
It remains to inquire whether the finding of the court below was contrary to the evidence. That finding was twofold : first, that the sale and conveyance of certain real estate by Mark Buckingham to one Langdon, and by the latter to Mark’s brother Horatio, was fraudulent as against the present defendants; and secondly, that the sale and assignment of certain personal property by Mark to Horatio was color-able, and made upon a secret trust for the benefit of Mark, or of certain preferred creditors of Mark, and therefore enured to the benefit of all his creditors. The evidence is voluminous and need not here be referred to, as it gives rise to no proposition of law deemed worthy of report. Suffice it to say that a majority of the court do not think the evidence shows the sale and assignment of the personal property to have been fraudulent, or upon a secret or other trust for Mark, or for any of his creditors. On the contrary, it Beems to us that it shows a sale and assignment of the property for its full value, in consideration that Horatio agreed to pay, and did afterwards pay, certain named debts of Mark, *142 to the full amount of the price agreed upon, to creditors whom by law the debtor had a right to prefer. It is not easy to see how such a sale could operate as a fraud upon creditors. The full value of the property went to creditors. Those who received it are not complaining. The other creditors have no right to complain. At least a very strong case should be made in order to impeach the transaction. The sale occasioned no hindrance or delay to creditors, and they received the full value of the property.
As to the finding of the court upon the charge of fraud in the sale of the land, it is unnecessary that we should give any opinion. Eor the error in its finding in regard to the personal property, the judgment of the district court must be reversed, and the cause remanded for a now trial.
Judgment accordingly.
Scott, C. J., and White and Day, JJ., concurred.
McIlvaine, J., concurred in the propositions stated in the syllabus, but did not concur in the opinion that the finding of the court below was against the evidence.